UTAH LEGAL SERVICES
**Attorneys for Plaintiff**
By: Matthew A. Grow, #16463
205 North 400 West
Salt Lake City, Utah 84103
Email: mgrow@utahlegalservices.org
Phone: 801-328-8891 x3326
Fax: 801-869-2721

FILED
U.S. DISTRICT COURT
2019 MAY -6  ⌐ 2:01
DISTRICT OF UTAH
RECEIVED CLERK
BY:_____
DEPUTY CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| FERESHTEH GOLIPOUR, Plaintiff, vs. SAYYED HOSSEIN MOGHADDAM, Defendant | COMPLAINT<br><br>Case: **4:19-cv-00035**<br>Assigned To : **Nuffer, David**<br>Assign. Date : **4/30/2019**<br>Description: **Golipour v. Moghaddam** |
|---|---|

## PRELIMINARY STATEMENT

1. Plaintiff Fereshteh Golipour ("Plaintiff") lawfully entered the United States believing that Defendant Sayyed Hossein Moghaddam ("Defendant") would financially support her as his wife.

2. Plaintiff's eligibility to immigrate and remain in the United States required that Defendant, her husband and immigration sponsor, sign a contract agreeing to financially support her by executing a Form I-864 Affidavit of Support ("Form I-864" or "affidavit"). 8 U.S.C. § 1183a; *see attached* Exhibit 1 Blank Form I-864.

3. Defendant physically and sexually abused Plaintiff. From approximately October 19, 2018 to the present, Defendant breached this contract because he stopped providing

1

financial support of any kind to Plaintiff, forcing Plaintiff to rely on other resources such as a domestic violence shelter.

4. Plaintiff now seeks to recover damages and all other amounts owed by Defendant's breach of the contract.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 (federal question) and 8 U.S.C. § 1183a.

6. This Court is the proper venue because "a substantial part of the events or omissions giving rise to the claim occurred" in Utah. 28 U.S.C. § 1391(b)(2).

## PARTIES

7. Plaintiff Fereshteh Golipour is an adult female residing in Washington, Utah.

8. Defendant Sayyed Hossein Moghaddam is an adult male residing in St. George, Utah.

## STATEMENT OF FACTS

9. Plaintiff and Defendant were married on February 14, 2016, in Mashhad, Iran.

10. Defendant is a lawful permanent resident or citizen of the United States.

11. Plaintiff came to the United States in 2017 on an immigrant visa as a lawful permanent resident with conditional residence status.

12. Plaintiff speaks only very limited English and believed Defendant would financially support her.

13. Plaintiff's eligibility to immigrate and remain in the United States required that her immigration sponsor execute a Form I-864 Affidavit of Support. 8 U.S.C. § 1183a. The

purpose of the Form I-864 is to demonstrate that an intending immigrant has adequate means of financial support and is unlikely to become a public charge. *Id.*

14. Executing a Form I–864 "creates a contract between the sponsor and the U.S. Government for the benefit of the sponsored immigrant . . . ." 8 C.F.R. § 213a.2(d). By signing a Form I–864, the "sponsor agrees to provide support to maintain the sponsored alien at an annual income that is not less than 125 percent of the Federal poverty line during the period in which the affidavit is enforceable." 8 U.S.C. § 1183a(1)(A). When Defendant signed the Form I–864 as a sponsor, he accepted that Plaintiff, as the sponsored immigrant, could legally enforce the Form I-864. *Id.* § 1183a(a)(1)(B). He also accepted that Plaintiff could file a civil action "in any appropriate court" "with respect to financial support." *Id.* § 1183a(e)(1); 8 C.F.R. § 213a.2(d). Furthermore, Defendant "agree[d] to submit to the jurisdiction of any Federal or State court for the purpose of" enforcing the Form I–864. 8 U.S.C. § 1183a(a)(1)(C).

15. The Federal Poverty Guidelines are updated periodically in the Federal Register by the United States Department of Health and Human Services under the authority of 42 U.S.C. 9902(2). Currently, 125 percent of the Federal Poverty Guidelines for a household size of one is an amount of $15.613.00 annually, $1,301.00 monthly.

16. A plaintiff may also recover the cost of attorney's fees associated with enforcing a Form I-864 Affidavit of Support: "Remedies available to enforce an affidavit of support under this section include . . . an order for specific performance and payment of legal fees . . . ." 8 U.S.C. § 1183a(c).

17. The parties separated on approximately October 19, 2018, and Plaintiff continues to have lawful permanent resident status and resides within the United States. However, Defendant stopped providing financial support of any kind to Plaintiff on that date.

18. Once Plaintiff came to the U.S., Defendant began physically, emotionally, and sexually abusing Plaintiff. Defendant even falsely reported to police that Plaintiff had abused him in attempt to cover up his abuse against Plaintiff. The parties then separated when Defendant kicked Plaintiff out of the marital home and ceased providing support.

19. In the time since, Plaintiff has struggled to support herself. Plaintiff lived in a domestic violence shelter for a time and is now living on her own. Nevertheless, she has survived only through the assistance of personal loans from friends and acquaintances to cover her basic necessities such as paying for rent and groceries.

20. Defendant confiscated Plaintiff's green card and social security card. As a result, Plaintiff is unable to obtain employment or a driver's license. Furthermore, Plaintiff is limited in her ability to communicate in English.

21. It has been over six months since Defendant last provided support, and according to the Federal Poverty Guidelines, Defendant will owe Plaintiff $9,107.00 in support as of May 19, 2019. This figure excludes any amount Defendant may otherwise owe for Plaintiff's attorney's fees in pursuing this action or any other support obligations belonging to Defendant.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
**(Breach of Contract)**

22. Plaintiff realleges and incorporates by reference the allegations set forth above.

23. By means of the Form I-864 Affidavit of Support, Defendant entered into a binding contract with Plaintiff in which Defendant promised to maintain Plaintiff at or above 125 percent of the Federal Poverty Guidelines for their household size.

24. Defendant breached said contract with Plaintiff by failing to provide financial support to maintain Plaintiff at or above 125 percent of the Federal Poverty Guidelines for their household size from at least October 19, 2018, when the parties separated.

25. Defendant therefore breached the contract by failing to comply with the necessary terms and conditions of support detailed in the Form I-864 instructions and also in 8 C.F.R. § 213a.2 and 8 U.S.C. § 1183a.

26. As a direct and proximate result of Defendant's breach, Plaintiff has been injured and is entitled to relief in an amount totaling the sum of at least $1,301.00 multiplied by the number of months since the parties separated.

**PRAYER FOR RELIEF**

27. Plaintiff respectfully requests that this Court enter an order:
    a. Accepting jurisdiction of this case;
    b. Declaring that Defendant breached his contract with Plaintiff, and awarding damages to Plaintiff as a result of the breach;
    c. Awarding Plaintiff costs;
    d. Awarding Plaintiff reasonable attorney's fees; and
    e. Granting such other relief as this Court deems just and proper.

Dated this 29th day of April, 2019.

                                    Respectfully submitted,
                                    UTAH LEGAL SERVICES, INC.

                                    _____
                                    MATTHEW A. GROW
                                    Attorney for Plaintiff