IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FERESHTEH GOLIPOUR,<br><br>        Plaintiff,<br><br>v.<br><br>SAYYED HOSSEIN MOGHADDAM,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND (2) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 4:19-cv-00035-DN-PK<br><br>District Judge David Nuffer |

Plaintiff Fereshteh Golipour seeks enforcement of the Form I-864 Affidavit of Support ("Form I-864") that Defendant Sayyed Hossein Moghaddam executed to when sponsoring Ms. Golipour for an immigrant visa as a lawful permanent resident with conditional residence status.[1] Ms. Golipour claims that Mr. Moghaddam breached the Form I-864 by failing to provide her with sufficient financial support since October 2018.[2] The parties filed cross-motions for summary judgment on Ms. Golipour's claim.[3]

Because Mr. Moghaddam's obligation to provide Ms. Golipour with financial support has not terminated under the terms of the Form I-864, Ms. Golipour's Motion for Partial Summary

---

[1] Complaint ¶¶ 2-4 at 1-2, docket no. 3, filed May 6, 2019.

[2] *Id*. ¶¶ 22-26 at 4-5.

[3] Plaintiff's Motion for Partial Summary Judgment and Memorandum in Support ("Ms. Golipour's Motion for Partial Summary Judgment"), docket no. 22, filed Nov. 27, 2019; Defendant's Motion for Summary Judgment and Memorandum in Support Therefore ("Mr. Moghaddam's Motion for Summary Judgment"), docket no. 23, filed Nov. 27, 2019.

Judgment[4] is GRANTED in part. However, because Ms. Golipour has not established that Mr. Moghaddam breached the Form I-864, Ms. Golipour's Motion for Partial Summary Judgment is DENIED in part. And because the parties' Postnuptial Agreement and the dowry Mr. Moghaddam paid in trust to Ms. Golipour do not relieve Mr. Moghaddam of the Form I-864's financial support obligation, Mr. Moghaddam's Motion for Summary Judgment[5] is DENIED.

**Contents**

UNDISPUTED FACTS ................................................................................................... 2
DISCUSSION .................................................................................................................. 5
    Mr. Moghaddam agreed to provide Ms. Golipour with financial support under the terms of the Form I-864 ........................................................................................ 5
    Mr. Moghaddam's obligation to provide Ms. Golipour with financial support has not terminated under the terms of the Form I-864 ...................................................... 7
    Mr. Moghaddam's arguments for relief from his obligation to provide financial support under the Form I-864 lack merit ................................................................ 9
        The parties' Postnuptial Agreement does not relieve Mr. Moghaddam's obligation to provide Ms. Golipour with financial support under the Form I-864 ...... 9
        The dowry paid in trust to Ms. Golipour does not relieve Mr. Moghaddam's obligation to provide Ms. Golipour with financial support under the Form I-864 .................................................................................................................. 12
    Whether Mr. Moghaddam breached the Form I-864, and Ms. Golipour's damages in the event of a breach, cannot be resolved at this time ............................................... 14
ORDER .......................................................................................................................... 15

**UNDISPUTED FACTS**

1.    Mr. Moghaddam immigrated to the United States from Iran on or about July 17, 2001.[6]

2.    Mr. Moghaddam is a lawful permanent resident or citizen of the United States.[7]

---

[4] Docket no. 22, filed Nov. 27, 2019.

[5] Docket no. 23, filed Nov. 27, 2019.

[6] *Id.* ¶ 1 at 2.

[7] Ms. Golipour's Motion for Partial Summary Judgment ¶ 2 at 2.

3. Mr. Moghaddam and Ms. Golipour were married in Mashhad, Iran on February 14, 2016.[8]

4. At the time of their marriage, Ms. Golipour signed all necessary documents granting an attorney in Iran the authority to act on her behalf in the event of a divorce proceeding.[9]

5. Also at the time of their marriage, Mr. Moghaddam followed customary Iranian policy and paid a dowry in trust to Ms. Golipour. The dowry was worth between approximately US $150,000 to US $300,000 at that time, depending on the exchange rate.[10]

6. Ms. Golipour, or someone acting on her behalf, withdrew (*i.e.* cashed out) the dowry in two parts on April 12, 2016, and July 10, 2017. This money was not returned to Mr. Moghaddam.[11]

7. In or about October 2017, Ms. Golipour immigrated to the United States on an immigrant visa as a lawful permanent resident with conditional residence status. Ms. Golipour received a green card on October 16, 2017. Mr. Moghaddam was Ms. Golipour's petitioning family sponsor. All of the necessary immigration documentation and information was handled by an attorney in northern Utah named Jessie S. Barar. Mr. Moghaddam does not remember exactly what he signed as part of Ms. Golipour's immigration process, and he did not receive a copy of the paperwork at the time.[12]

---

[8] *Id.* ¶ 1 at 2; Mr. Moghaddam's Motion for Summary Judgment ¶ 2 at 2.
[9] Mr. Moghaddam's Motion for Summary Judgment ¶ 3 at 2.
[10] *Id.* ¶ 4 at 2.
[11] *Id.* ¶ 5 at 2.
[12] *Id.* ¶ 6 at 2-3; Ms. Golipour's Motion for Partial Summary Judgment ¶ 3 at 2.

8. To Mr. Moghaddam's understanding, Ms. Golipour received a two-year, conditional green card.[13] Ms. Golipour's green card expired on October 16, 2019.[14]

9. After this case began, Mr. Moghaddam reached out to Mr. Barar to find out if he had a copy of the completed immigration paperwork regarding Ms. Golipour. Mr. Barar indicated that he did not. Because Mr. Moghaddam does not have a copy of the paperwork, and does not remember what he signed, Mr. Moghaddam does not know if he ever signed a Form I-864 regarding Ms. Golipour.[15]

10. Mr. Moghaddam and Ms. Golipour signed a Postnuptial Agreement on August 1, 2017, and October 30, 2017, respectively. The Postnuptial Agreement was translated into Farsi, Ms. Golipour's native language, for her benefit prior to her signing.[16]

11. Mr. Moghaddam and Ms. Golipour separated in October 2018, after Mr. Moghaddam obtained a temporary protective order against Ms. Golipour.[17]

12. Mr. Moghaddam has not provided any financial support payments to Ms. Golipour since the parties separated in October 2018.[18]

13. In or about November 2018, Mr. Moghaddam returned to Iran and processed a divorce proceeding. Because Ms. Golipour had already received her dowry and because she had preauthorized an attorney to assist her, the divorce was processed promptly on November 28, 2018.[19]

---

[13] Mr. Moghaddam's Motion for Summary Judgment ¶ 7 at 3.

[14] *Id*.; Copy of Ms. Golipour's Green Card, docket no. 23-3, filed Nov. 27, 2019.

[15] Mr. Moghaddam's Motion for Summary Judgment ¶ 8 at 3.

[16] *Id*. ¶ 9 at 3.

[17] *Id*. ¶ 10 at 3; Ms. Golipour's Motion for Partial Summary Judgment ¶ 4 at 2.

[18] Ms. Golipour's Motion for Partial Summary Judgment ¶ 5 at 2.

[19] Mr. Moghaddam's Motion for Summary Judgment ¶ 11 at 4.

14. Mr. Moghaddam and Ms. Golipour continue to reside within the United States and the State of Utah.[20]

**DISCUSSION**

Ms. Golipour seeks partial summary judgment regarding Mr. Moghaddam's liability for failing to provide her with sufficient financial support since October 2018, in breach of the Form I-864.[21] Mr. Moghaddam seeks summary judgment dismissing Ms. Golipour's claim.[22]

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[23] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[24] In determining whether there is a genuine dispute as to material fact, the court should "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant."[25]

The moving party "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[26]

**Mr. Moghaddam agreed to provide Ms. Golipour with financial support under the terms of the Form I-864**

Under the Immigration and Nationality Act ("INA"), an immigrant seeking admission to the United States is deemed inadmissible if the immigrant is "likely at any time to become a public charge."[27] Whether the immigrant's sponsor has signed a Form I-864 is among the

---

[20] Ms. Golipour's Motion for Partial Summary Judgment ¶ 6 at 2.

[21] *Id*. at 3-7.

[22] Mr. Moghaddam's Motion for Summary Judgment.

[23] FED. R. CIV. P. 56(a).

[24] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[25] *Id.*

[26] *Id.* at 670-71.

[27] 8 U.S.C. § 1182(a)(4)(A).

considerations in determining that an immigrant is likely to become a public charge.[28] And family-sponsored immigrants are deemed inadmissible unless the immigrant's petitioning sponsor signs a Form I-864.[29]

Mr. Moghaddam does not assert that he did not sign a Form I-864 as part of Ms. Golipour's immigration process. Rather, he asserts that he does not remember exactly what he signed as part of the process; that he did not receive a copy of the completed immigration paperwork; and that he has been unable to obtain a copy of the paperwork.[30] Mr. Moghaddam argues that because Ms. Golipour has not produced a copy of the Form I-864 that he signed, she cannot succeed on her claim that he breached the Form I-865.[31] This argument lacks merit.

It is undisputed that in or about October 2017, Ms. Golipour immigrated to the United States on an immigrant visa as a lawful permanent resident with conditional residence status.[32] Ms. Golipour received a green card on October 16, 2017, and she continues to reside within the United States and the State of Utah.[33] It is also undisputed that Mr. Moghaddam was Ms. Golipour's petitioning family sponsor.[34]

Because family-sponsored immigrants are deemed inadmissible under the INA unless the immigrant's petitioning family sponsor signs a Form I-864,[35] the undisputed facts establish that Mr. Moghaddam must have signed a Form I-864 regarding Ms. Golipour. Additionally, because

---

[28] *Id*. §§ 1182(a)(4)(B)(ii), 1183a(a)(1).

[29] *Id*. §§ 1182(a)(4)(C)(ii), 1183a(a)(1).

[30] Mr. Moghaddam's Motion for Summary Judgment ¶¶ 6, 8 at 2-3.

[31] *Id*. at 4-5.

[32] Mr. Moghaddam's Motion for Summary Judgment ¶ 6 at 2-3; Ms. Golipour's Motion for Partial Summary Judgment ¶ 3 at 2.

[33] Mr. Moghaddam's Motion for Summary Judgment ¶¶ 6-7 at 2-3; Ms. Golipour's Motion for Partial Summary Judgment ¶ 6 at 2.

[34] Mr. Moghaddam's Motion for Summary Judgment ¶ 6 at 2-3.

[35] 8 U.S.C. §§ 1182(a)(4)(C)(ii), 1183a(a)(1).

the Form I-864 is a government form containing a financial support obligation that is set by statute and regulation,[36] it is unnecessary for Ms. Golipour to provide a copy of the Form I-864 that Mr. Moghaddam signed. The blank Form I-864[37] that Ms. Golipour submitted is sufficient to identify and establish the terms and conditions of the financial support obligation to which Mr. Moghaddam agreed.[38]

### Mr. Moghaddam's obligation to provide Ms. Golipour with financial support has not terminated under the terms of the Form I-864

Once executed, the Form I-864 is a legally enforceable "contract between the sponsor and the U.S. Government for the benefit of the sponsored immigrant."[39] "The intending immigrant becoming a lawful permanent resident is the consideration for the contract."[40] And "the stated statutory goal [in requiring a Form I-864] . . . is to prevent the admission to the United States of any [immigrant] who is likely at any time to become a public charge."[41] Thus, the duty of support imposed on a sponsor by the Form I-864 is "for the benefit of federal and state taxpayers and of the donors to organizations that provide charity for the poor."[42]

"The sponsor is the guarantor of the sponsored immigrant's having enough (though just barely enough) income to avoid becoming a public charge."[43] By signing a Form I-864, the

---

[36] *Id*. § 1183a; 8 C.F.R. § 213a.2.

[37] Affidavit of Support Under Section 213A of the INA USCIS Form I-864 ("Form I-864 (blank)"), docket no. 3-1, filed May 6, 2019.

[38] *United States v. Wolny*, 133 F.3d 758, 764-765 (10th Cir. 1998) (discussing that a blank currency transaction report form introduced at trial was sufficient for the jury to identify the contents and requirements of 31 C.F.R. § 103, and that the accuracy of the blank form could not reasonably be questioned).

[39] *Erler v. Erler*, 824 F.3d 1173, 1175 (9th Cir. 2016); Form I-864 (blank) Part 8 at 6.

[40] Form I-864 (blank) Part 8 at 6.

[41] *Liu v. Mund*, 686 F.3d 418, 422 (7th Cir. 2012) (internal citations omitted); 8 U.S.C. §§ 1182(a)(4)(A), 1182(a)(4)(C)(ii), 1183a(a)(1).

[42] *Liu*, 686 F.3d at 422.

[43] *Id*.

"sponsor agrees to provide support to maintain the sponsored [immigrant] at an annual income that is not less than 125 percent of the Federal poverty line during the period in which the [Form I-864] is enforceable."[44] Under federal law, and by its own terms, a Form I-864 "remains enforceable until the sponsored immigrant: (1) becomes a citizen of the United States; (2) has worked or can be credited with 40 qualifying quarters of work under title II of the Social Security Act; (3) ceases to be a lawful permanent resident and departs the United States; (4) obtains in a removal proceeding a grant of adjustment of status as relief from removal; or (5) dies."[45] The Form I-864's financial support obligation also terminates with the sponsor's death.[46]

Ms. Golipour argues that because none of these circumstances are present, Mr. Moghaddam's financial support obligation has not terminated under the terms of the Form I-864.[47] Mr. Moghaddam argues that his financial support obligation has terminated because Ms. Golipour's green card expired and she should be required to depart the United States.[48] However, the expiration of an immigrant's lawful permanent resident status is not a terminating circumstance under the Form I-864's plain language. The immigrant must no longer have lawful permanent resident status *and* depart the United States for a terminating circumstance to arise under the Form I-864.[49] And it is undisputed that Ms. Golipour continues to reside within the United States and the State of Utah.[50] Therefore, Mr. Moghaddam's argument fails.

---

[44] 8 U.S.C. § 1183a(a)(1)(A); Form I-864 (blank) Part 8 at 6.

[45] *Erler*, 824 F.3d at 1176 (citing 8 C.F.R. § 213a.2(e)(2)(i), 8 U.S.C. § 1183a(a)(2)-(3)); Form I-864 (blank) Part 8 at 7.

[46] 8 C.F.R. § 213a.2(e)(2)(ii); Form I-864 (blank) Part 8 at 7.

[47] Ms. Golipour's Motion for Partial Summary Judgment at 7.

[48] Mr. Moghaddam's Motion for Summary Judgment at 10-11.

[49] Form I-864 (blank) Part 8 at 7; 8 C.F.R. § 213a.2(e)(2)(i); *Erler*, 824 F.3d at 1176-77.

[50] Ms. Golipour's Motion for Partial Summary Judgment ¶ 6 at 2.

Because Mr. Moghaddam has failed to establish the existence of a circumstance that would terminate his financial support obligation under the terms of the Form I-864, his obligation is ongoing.

### Mr. Moghaddam's arguments for relief from his obligation to provide financial support under the Form I-864 lack merit

Despite the lack of a terminating circumstance under the terms of the Form I-864, Mr. Moghaddam argues that he should be relieved from his obligation to provide Ms. Golipour with financial support because: (1) Ms. Golipour waived her right to receive financial support in the parties' Postnuptial Agreement;[51] and (2) the dowry Mr. Moghaddam paid in trust to Ms. Golipour fulfilled the financial support obligation.[52] These arguments lack merit.

**The parties' Postnuptial Agreement does not relieve Mr. Moghaddam's obligation to provide Ms. Golipour with financial support under the Form I-864**

Mr. Moghaddam argues that Ms. Golipour's claim cannot succeed because she waived her right to receive financial support in the parties' Postnuptial Agreement.[53] The Tenth Circuit Court of Appeals has not addressed whether divorce or a nuptial agreement will relieve an immigrant's sponsor from the Form I-864's financial support obligation. In making his argument, Mr. Moghaddam relies on a portion of the official commentary for 8 C.F.R. § 213a, which states: "If the sponsored immigrant is an adult, he or she probably can, in a divorce settlement, surrender his or her right to sue the sponsor to enforce [a Form I-864]."[54] He also

---

[51] Mr. Moghaddam's Motion for Summary Judgment at 5-9.

[52] *Id*. at 9-10.

[53] *Id*. at 5-9; Postnuptial Agreement ¶¶ 2-3, 6 at 3-5, docket no. 23-2, filed Nov. 27, 2019.

[54] 71 Fed. Reg. 35732, 35740 (June 21, 2006).

9

relies on dicta in an unreported case from the District of Hawai'i, which found such a waiver.[55] However, these authorities are not persuasive.

The official commentary for 8 C.F.R. § 213a does not resolve whether an immigrant can waive the ability to seek enforcement of the Form I-864 in a divorce. The commentary's use of "probably" in the portion quoted by Mr. Moghaddam is equivocal.[56] Elsewhere, the commentary recognizes that 8 C.F.R. § 213a "does not provide any basis to say that divorce does, or does not, affect a support obligation under [a Form I-864]."[57] And the commentary states that "[i]t is for the proper court to adjudicate any suit that may be brought to enforce [a Form I-864]."[58] Therefore, the commentary has no persuasive value in resolving whether a nuptial agreement will waive a sponsor's financial support obligation under the Form I-864.

The District of Hawai'i case also has no persuasive value in resolving the issue. The case is not in the District of Utah nor in the Tenth Circuit, and its discussion of a party's ability to waive the Form I-864's financial support obligation by nuptial agreement is dicta that contains no analysis of the Form I-864's terms or purpose.[59] Beyond this however, the dicta is contrary to binding precedent in the District of Hawai'i's Circuit. The Ninth Circuit Court of Appeals has held that "under federal law, neither a divorce judgment nor a premarital agreement may terminate an obligation of support [created by the Form I-864]."[60] Therefore, the District of Hawai'i case is not persuasive.

---

[55] *Blain v. Herrell*, No. 10-00073 ACK-KSC, 2010 WL 2900432, *7-8 (D. Haw. July 21, 2010).

[56] 71 Fed. Reg. at 35740.

[57] *Id*.

[58] *Id*. at 35742-43.

[59] *Blain*, 2010 WL 2900432, *7-8.

[60] *Erler*, 824 F.3d at 1177.

Rather, it is the Ninth Circuit's holding that divorce and nuptial agreements do not terminate a Form I-864's financial support obligation that is persuasive. This holding is in line with the Seventh Circuit Court of Appeals holding that "[t]he right of support conferred by federal law [in the Form I-864] exists apart from whatever rights [a party] might or might not have under [state] divorce law."[61] The Seventh and Ninth Circuits are the only Circuit Courts of Appeals to have addressed the issue. And several District Courts addressing the issue have reached the same conclusion.[62] These authorities rely on the Form I-864's terms and purpose.

The express language of the Form I-864 demonstrates that divorce and nuptial agreements will not terminate a sponsor's financial support obligation. The Form I-864 identifies six circumstances that terminate a sponsor's obligation.[63] Waiver by divorce or nuptial agreement are not enumerated. Indeed, the Form I-864 emphasizes that "[d]ivorce *does not* terminate [a sponsor's] obligations under Form I-864."[64] This clear and plain language must be given effect. The right of support conferred by the Form I-864 is separate from the rights a party has under divorce law.

Additionally, the "statutory goal [in requiring a Form I-864] . . . is to prevent the admission to the United States of any [immigrant] who is likely at any time to become a public charge."[65] The Form I-864 is a contract between the sponsor and the U.S. Government for the benefit of the immigrant,[66] as well as federal and state taxpayers and donors to organizations that

---

[61] *Liu*, 686 F.3d at 419-420.

[62] *Toure-Davis v. Davis*, No. WGC-13-916, 2014 WL 1292228, *8-9 (D. Md. Mar. 28, 2014); *Shumye v. Felleke*, 555 F.Supp.2d 1020, 1024 (N.D. Cal. 2008); *Cheshire v. Cheshire*, No. 3:05-cv-00453-TJC-MCR, 2006 WL 1208010, *5 (M.D. Fla. May 4, 2006).

[63] Form I-864 (blank) Part 8 at 7.

[64] *Id*. (emphasis in original).

[65] *Liu*, 686 F.3d at 422 (internal citations omitted); 8 U.S.C. §§ 1182(a)(4)(A), 1182(a)(4)(C)(ii), 1183a(a)(1).

[66] *Erler*, 824 F.3d at 1175; Form I-864 (blank) Part 8 at 6.

provide charity to the poor.[67] To permit a sponsor to unilaterally terminate the Form I-864's financial support obligation through a separate agreement with the immigrant would ignore the interests of the U.S. Government and the benefits of taxpayers and charitable donors. It would also defeat the Form I-864's purpose of preventing admission of an immigrant that is likely to become a public charge at any time. Therefore, nuptial agreements will not terminate a Form I-864's financial support obligation.

Under the persuasive analysis of the Seventh and Ninth Circuits,[68] and various District Courts,[69] the parties' Postnuptial Agreement does not relieve Mr. Moghaddam's obligation to provide Ms. Golipour with financial support under the Form I-864.

**The dowry paid in trust to Ms. Golipour does not relieve Mr. Moghaddam's obligation to provide Ms. Golipour with financial support under the Form I-864**

Mr. Moghaddam argues that Ms. Golipour's claim cannot succeed because the dowry he paid in trust to Ms. Golipour fulfilled the Form I-864's financial support obligation.[70] It is undisputed that in February 2016, Mr. Moghaddam paid a dowry worth between approximately US $150,000 to US $300,000 in trust to Ms. Golipour.[71] It is also undisputed that Ms. Golipour, or someone acting on her behalf, withdrew (*i.e.* cashed out) the dowry in two parts on April 12, 2016, and July 10, 2017.[72] But these facts do not establish that Mr. Moghaddam fulfilled his obligation to maintain Ms. Golipour "at an annual income that is not less than 125 percent of the Federal poverty line during the period in which the [Form I-864] is enforceable."[73]

---

[67] *Liu*, 686 F.3d at 422.

[68] *Erler*, 824 F.3d at 1177; *Liu*, 686 F.3d at 419-420.

[69] *Toure-Davis*, 2014 WL 1292228, *8-9; *Shumye*, 555 F.Supp.2d at 1024; *Cheshire*, 2006 WL 1208010, *5.

[70] Mr. Moghaddam's Motion for Summary Judgment at 9-10.

[71] *Id*. ¶¶ 2, 4 at 2; Plaintiff's Motion for Partial Summary Judgment ¶ 1 at 2.

[72] Mr. Moghaddam's Motion for Summary Judgment ¶ 5 at 2.

[73] 8 U.S.C. § 1183a(a)(1)(A); Form I-864 (blank) Part 8 at 6.

The dowry was paid in accordance with customary Iranian policy at the time of the parties' marriage.[74] The dowry may be viewed as being part of a nuptial agreement or as a gift. But either way, the dowry does not relieve Mr. Moghaddam's financial support obligation under the Form I-864.

If viewed as being part of a nuptial agreement, the dowry's payment would not relieve Mr. Moghaddam of the Form I-864's financial support obligation for the same reasons that the parties' Postnuptial agreement did not relieve the obligation.[75] And if viewed as a gift, the dowry would not offset the later financial support obligation Mr. Moghaddam agreed to under the Form I-864.

Courts differ in their approach to calculating a sponsor's obligation owed under a Form I-864—some courts compare the immigrant's income against the 125% poverty threshold for each individual year in question,[76] while other courts aggregate the immigrant's income over the years in question.[77] But under either approach, the immigrant's income is determined by qualifying wages, gifts, and other benefits the immigrant received in the year or years for which the Form I-864 is enforceable.[78] Income that was not received in the Form I-864's period of enforcement is not used to determine whether a sponsor met the Form I-864's financial support obligation.[79]

---

[74] Mr. Moghaddam's Motion for Summary Judgment ¶ 4 at 2.

[75] *Supra* at 9-12.

[76] *Younis v. Farooqi*, 597 F.Supp.2d 552, 554 (D. Md. 2009); *Shumye*, 555 F.Supp.2d at 1024-25; *Al-Aromah v. Tomaszewicz*, No. 7:19-cv-294, 2019 WL 4306970, *3 (W.D. Va. Sept. 11, 2019); *Belevich v. Thomas*, No. 2:17-cv-1193-AKK, 2019 WL 2550023, *8-9 (N.D. Ala. June 20, 2019); *Dahhane v. Stanton*, No. 15-cv-1229 (PJS/BRT), 2016 WL 4257536, *3 (D. Minn. Aug. 12, 2016); *Toure-Davis*, 2014 WL 1292228, *4; *Al-Mansour v. Shraim*, No. CCB-10-1729, 2011 WL 345876, *4 (D. Md. 2011).

[77] *Echon v. Sackett*, No. 14-cv-03420-PAB-NYW, 2018 WL 2087594, *3 (D. Colo. May 4, 2018); *Cheshire*, 2006 WL 1208010, *5-6; *Stump v. Stump*, No. 1:04-cv-253-TS, 2005 WL 2757329, *8 (N.D. Ind. Oct. 25, 2005).

[78] *Shumye*, 555 F.Supp.2d at 1027-28; *Echon*, 2018 WL 2087594, *3.

[79] *Dahhane*, 2016 WL 4257536, *3-4; *Cheshire*, 2006 WL 1208010, *6.

Mr. Moghaddam paid the dowry at the time of the parties' marriage in February 2016.[80] This was over a year before he agreed to the Form I-864's financial support obligation and Ms. Golipour immigrated to the United States.[81] If viewed as a gift, the dowry would be an asset of Ms. Golipour that she obtained prior to the Form I-864's period of enforcement. It is not income Ms. Golipour received during the Form I-864's period of enforcement. Therefore, the dowry cannot be used to offset Mr. Moghaddam's financial support obligation for the Form I-864's period of enforcement.

Regardless of how the dowry paid in trust to Ms. Golipour is viewed, it does not relieve Mr. Moghaddam of the obligation to provide Ms. Golipour with financial support under the Form I-864.

### Whether Mr. Moghaddam breached the Form I-864, and Ms. Golipour's damages in the event of a breach, cannot be resolved at this time

Mr. Moghaddam's obligation to provide Ms. Golipour with financial support under the terms of the Form I-864 has not terminated.[82] And it is undisputed that he has not provided any financial support payments to Ms. Golipour since the parties separation in October 2018.[83] But this does not establish that Mr. Moghaddam breached the Form I-864.

To establish a breach of the Form I-864, Ms. Golipour must show that her income was below the 125% poverty threshold during the relevant period.[84] Ms. Golipour "has the burden of demonstrating the exact amount of support owed."[85] This requires Ms. Golipour to submit

---

[80] Mr. Moghaddam's Motion for Summary Judgment ¶¶ 3, 5 at 2.

[81] *Id.* ¶ 6 at 2-3; Ms. Golipour's Motion for Partial Summary Judgment ¶ 3 at 2.

[82] *Supra* at 5-9.

[83] Ms. Golipour's Motion for Partial Summary Judgment ¶ 5 at 2.

[84] 8 U.S.C. § 1183a(a)(1)(A); Form I-864 (blank) Part 8 at 6; *Belevich*, 2019 WL 2550023, *5.

[85] *Toure-Davis*, 2014 WL 1292228, *10.

evidence of her income since October 2018.[86] "[N]either the statute nor the regulations define 'income' with respect to the sponsored immigrant's income."[87] And "[i]n the absence of a statutory definition, court have generally interpreted a sponsored immigrant's 'income' expansively, including the immigrant's [wages], government benefits, educational grants, and alimony, if any."[88]

Ms. Golipour's Motion for Partial Summary Judgment makes no effort to establish facts supported by evidence regarding her income since October 2018. Therefore, whether Mr. Moghaddam breached the Form I-864, and Ms. Golipour's damages in the event of a breach, cannot be resolved at this time.

**ORDER**

IT IS HEREBY ORDERED that Ms. Golipour's Motion for Partial Summary Judgment[89] is GRANTED in part and DENIED in part. Mr. Moghaddam's obligation to provide Ms. Golipour with financial support under the terms of the Form I-864 has not terminated. However, whether Mr. Moghaddam breached the Form I-864 by failing to provide sufficient financial support, and Ms. Golipour's damages in the event of a breach, cannot be resolved at this time.

IT IS FURTHER HEREBY ORDERED that Mr. Moghaddam's Motion for Summary Judgment[90] is DENIED.

IT IS FURTHER HEREBY ORDERED that the parties are direct to contact Magistrate Judge Paul Kohler's chambers to schedule Early Neutral Evaluation of the remaining issues of

---

[86] *Id.*

[87] *Belevich*, 2019 WL 2550023, *5 (citing 8 U.S.C. § 1183a; 8 C.F.R. § 213a.1(2) (defining "income" only in relation to the sponsor's minimum income level)).

[88] *Id.*

[89] Docket no. 22, filed Nov. 27, 2019.

[90] Docket no. 23, filed Nov. 27, 2019.

whether Mr. Moghaddam breached the Form I-864 and Ms. Golipour's damages in the event of a breach. Within seven days after the Early Neutral Evaluation is completed, the parties are directed to jointly file a report stating the status of the case and, if necessary, proposing deadlines for further dispositive motions and trial.

    Signed February 7, 2020.

BY THE COURT

_____
David Nuffer
United States District Judge